**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

Name: **Smith** , **WAYNE**
_(Last)_           _(First)_           _(Middle Initial)_

Prisoner Number: **T-82789**

Institutional Address: **CSP-LAC • B5-225 • 44750 60th St. West CA, Lancaster, CA, 93536**

---

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**WAYNE Smith**
_(Enter your full name.)_

vs.

**SAN Francisco Police Department et al,**
**Deborah Madden**

_(Enter the full name(s) of the defendant(s) in this action.)_

Case No. **CV 15 4405 RS**
_(Provided by the clerk upon filing)_

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

<u>Note</u>: You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement **CSP-LAC •B5-225•4490 P.O. Box. Lancaster**

B. Is there a grievance procedure in this institution?    YES ☐    NO ☒

C. If so, did you present the facts in your complaint for review through the grievance procedure?    YES ☐    NO ☒

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: **This Appeals are dealing with the SAN Francisco Police Department et al, Deborah Madden, Crime Laboratory Technician.**

1   2. First formal level: _____

2   _____

3   _____

4   3. Second formal level: _____

5   _____

6   _____

7   4. Third formal level: _____

8   _____

9   _____

10  E.  Is the last level to which you appealed the highest level of appeal available to you?

11      YES ☒     NO ☐

12  F.  If you did not present your claim for review through the grievance procedure, explain why.

13  again this clam is against the SAN Francisco police Department et al,

14  Crime Laboratory Technician, Deborah Madden

15  _____

16  ## II. Parties.

17  A.  Write your name and present address. Do the same for additional plaintiffs, if any.

18  WAYNE Smith #T-82789

19  CSP-LAC • B5-225 • P.O. Box 4490

20  Lancaster, CA. 93539

21  B.  For each defendant, provide full name, official position and place of employment.

22  Crime Laboratory Technician, Deborah Madden. SAN Francisco

23  Police Department et al.

24  _____

25  _____

26  _____

27  _____

28  _____

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Crime Laboratory Technician, Deborah Madden of and who is payed by the SAN Francisco Police Department was charged with fraud in federal court. "See page 1 of all causes of action."

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes. Plaintiff is asking compensatry damages and punitive damages, in the amount of $20,000,000.00.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 10-15-15                      Wayne Smith
                   Date                    Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

1. WAYNE Smith #T-82789
2. CSP-LAC • B5-225
3. P.O. Box 4490
4. Lancaster, CA. 93539

## U.S. Court of Appeals

| | |
|---|---|
| WAYNE W. Smith, | A140866 ; Super. Ct. No CGC-12-518791 |
| Appellant | |
| | S227937 |
| vs. | |
| | Appellant Appeal. |
| SAN Francisco Police Department et al., | |
| Respondents. | |

Court of Appeal, First Appellate District, Division Two - No. A140866

S227937

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

---

WAYNE SMITH, Plaintiff and Appellant,

v.

SAN FRANCISCO POLICE DEPARTMENT, et al., Defendants and Respondents.

---

The petition for review is denied.

Werdegar, J., was absent and did not participate.

SUPREME COURT
**FILED**

SEP 0 9 2015

Frank A. McGuire Clerk

_____
Deputy

CANTIL-SAKAUYE
_____
*Chief Justice*

1  WAYNE Smith #T-82785
2  CSP-LAC-B5-225
3  P.O. Box 4490
4  Lancaster, CA. 93539

# SUPREME COURT OF CALIFORNIA

| | |
|---|---|
| WAYNE W. SMITH | A140866 |
| Plaintiff and Appellant, | |
| | (SAN Francisco City and County |
| V. | Super. Ct. No. CGC-12-518751) |
| | |
| SAN FRANCISCO POLICE | PETITION FOR REVIEW |
| DEPARTMENT et al., | |
| Defendants and Respondents, | |

Dear SUPREME COURT of CALIFORNIA:

1). Plaintiff is asking the Court's Can they REVIEW this Discussion About Plaintiff asking for a Extension of time to serve the Summons and Complaint

A140866

Wayne Smith
Booking #: T-82789
CSP-LAC B4-128
P. O. Box 4490
Lancaster, CA 93539

**As of June 30, 2014, all filings in civil, criminal, and juvenile cases, as well as original proceedings, must be made electronically with the TrueFiling system. <u>The Court of Appeal no longer needs any paper copies.</u>**

## How do I enroll in TrueFiling?
Users enroll in TrueFiling through the website, https://www.truefiling.com and follow the instructions to create an account. It is imperative that users navigate to the MySettings page to register to receive emails from the system regarding filing status of submitted documents.

## Who do I call if I'm having trouble with the TrueFiling system?
You may call the TrueFiling Customer Service line at (855) 959-8868.
They are available Monday - Friday, 8:00 am to 6:00 pm Pacific Standard Time.

## Are there page or size limits on documents filed electronically?
Yes. Each document filed electronically cannot be larger than 25 MB. There is no limitation to the number of documents that can be filed as a bundle, as long as each individual document is 25 MB or less.

## How much does it cost to use TrueFiling?
Filing and service of a typical bundle (which is more than one document filed simultaneously in the same case:      $21.00
Filing only/no service:      $7.50
Filing and service:      $10.50

**For more information and video tutorials, please visit our website:**
**www.courts.ca.gov/1dca.htm**

pa

rem1

COPY

Filed 6/26/15

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO



| | |
|---|---|
| WAYNE W. SMITH,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SAN FRANCISCO POLICE DEPARTMENT et al.,<br><br>    Defendants and Respondents. | A140866<br><br>(San Francisco City and County<br>Super. Ct. No. CGC-12-518791) |

    Wayne W. Smith appeals from a trial court order dismissing this action for failure to serve the summons and complaint. He asks this court for an extension of time to serve the summons and complaint. We affirm.

### STATEMENT OF THE CASE AND FACTS

    On February 29, 2012, appellant filed a complaint against San Francisco Crime Laboratory Technician Deborah Madden for general negligence and other causes of action.[1] The complaint alleged that the defendant "habitually failed to do the required thing," was "careless, not paying enough heed; neglectful" and "inattentive," and "was negligen[t] from the time she was arrested on October 2, 2007 for domestic violence and assault charges and being investigated for tampering with drugs." The complaint stated that Madden was arrested in 2007

---

[1] The complaint describes this as an action "for professional negligence, fraud, false arrest, violation of constitutional right, negligence, pain and suffering, harassment, conviction, medical expenses, wage loss, general damage compensatory damages, punitive damages."

1

the action should not be dismissed, or sanctions imposed, for failure to "file proof of service on defendant(s) and obtain answer(s), or enter default(s)."

On November 30, 2012, appellant, now at California State Prison, Lancaster, filed a document entitled "Order to Show Cause." Appellant stated, "Plaintiff, show cause why this action should not be dismissed or why sanctions should not be imposed for failure to; because Deborah madden retired, because investigation linked her to missing drugs. (See Exhibits 'C' – 'G') and (complaint)." Appellant stated that Madden had pleaded guilty to possession of cocaine, had been indicted by a federal grand jury on a charge of violating the United States Controlled Substances Act, and had a mistrial in October 2012, and asked for the case to go to trial or settlement.

In December, the January 8, 2013, date for the court's order to show cause hearing was cancelled and appellant was ordered to show cause on April 9, 2013, why the action should not be dismissed, or sanctions imposed, for failure to file proof of service and obtain answers or enter defaults.

On March 1, 2013, the superior court clerk issued a notice to appellant stating that his request to enter default against Madden, submitted that day, could not be processed because the original proof of service had not been filed. The notice cited Code of Civil Procedure sections 417.10 and 417.30. The form further stated, "1. No original proof of service on the summons & complaint. 2. No request for entry of default. 3. There was no service on the defendant. (Form enclosed.)"

On March 13, 2013, the clerk issued another notice stating that the request to enter Madden's default appellant had filed that day could not be processed, again because the original proof of service had not been filed. The notice additionally stated, "Name of defendant must be exactly as stated on complaint. Declaration re: discrepancy, corrected proof of service or incorrect name amendment is required. [¶] Proof of service of a statement of damages was not submitted per CCP § 425.11. The time for defendant to respond runs from service

3

to none of the courts order, or plaintiff's motions. [¶] Plaintiff is asking the courts to entry of Default judgment if defendants do not follow these court orders."

The order to show cause hearing set for July 9, 2013, was cancelled and the matter set for December 10, 2013. This order, in addition to directing appellant to show cause why the action should not be dismissed, or sanctions imposed, for failure to file proof of service, obtain answers or enter defaults, included the following: "***NOTE: Plaintiff must file a proof of service of the complaint before default can be sought."

On December 10, 2013, appellant appeared in propria persona, by telephone. The order to show cause was ordered off calendar and dissolved "due to inactivity." The case was dismissed by court order dated December 12, 2013.

Appellant filed a timely notice of appeal on January 15, 2014.[2]

## DISCUSSION

Appellant's opening brief asks this court "for an extension of time until[] his release date of 9-20-15, so that plaintiff can get to a internet to find Defendant." The entirety of appellant's argument is as follows:

"4. Appellant has been due diligence [sic], compl[i]ed with all court orders all through this complaint.

---

[2] Appellant's designation of record, filed on February 10, 2014, designated "what ever documents and oral proceedings the court may have." Appellant was informed by the court clerk that in order to procure the record on appeal he needed to specify the date of each proceeding to be included in the reporter's transcript (rule 8.130(a)(1)) and either deposit the fees for the reporter's transcript or a waiver (rule 130(b)); the default was not cured within the required time, and on March 6 the clerk filed a "Certificate re Dismissal of Appeal" requesting that the appeal be dismissed (rule 8.140). Appellant then requested reporter's transcripts for August 1, 2012, November 7, 2012, January 8, 2013, April 9, 2013, July 9, 2013, and December 10, 2013. On March 1, the clerk informed appellant that no hearings were held on the first five dates specified, the proceedings on December 10, 2013, were not reported, and the court's February 29, 2012, order granting a waiver of court fees and costs was on file.

5

"Trial Court Rules." Local rule 3.1, aside from its reference to physical locations in the superior court, cites rule 3.110, which appears in title 3 of the Rules of Court, the title containing the "Civil Rules" (rule 3.1) that "apply to all civil cases in the superior courts . . ." (rule 3.10).

We find no indication in the record that appellant ever asked the trial court for an extension of time for service, and he does not argue that any such request was made and improperly denied. Appellant offers no authority for this court to order the extension in the first instance, and no argument why the trial court's order should be reversed.[5]

The order of dismissal is affirmed.

---

[5] We note that appellant has not raised any claim that he was denied access to the courts. (See, *Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468 [error to grant summary judgment against indigent prisoner without first ensuring right to meaningful access to courts to prosecute bona fide civil claim was protected; issues included legal documents mailed by inmate in advance of deadlines but not timely filed due to circumstances beyond his control, court failing to make requested orders required for inmate's appearance at hearing, summary judgment granted without waiting for inmate, who had not been informed of changed time of hearing or granted order to appear at the new time].) Nor does the record suggest a basis for such a claim. It appears appellant was able to file pleadings and communicate with the court, and he appeared by telephone at the December 10, 2013, hearing. Additionally, we have no basis for assessing whether time may yet remain for appellant to try again to file and serve an action before expiration of the statute of limitations, as the record provides us no information about the particulars of appellant's criminal case or when he learned of the conduct by Madden that forms the basis of his civil claim.

7

# PROOF OF SERVICE BY MAIL

(CCP §§1013(a), 2015.5; 28 U.S.C. §1746)

I, WAYNE Smith #T-82785, hereby declare that I am over the age of 18, I am the petitioner in the above-entitled cause of action, and my legal mailing address CSP/LAC – B5-225, P.O. BOX 4490, Lancaster, CA 93539-4490.

On 10-15-15, I delegated to prison officials the task of mailing, via the institution's internal mail system (*Houston v. Lack*, 487 US 266 [101 L.Ed.2d 245; 108 S.Ct. 2379] (1988)), the below entitled legal document(s): PETITION FOR REVIEW Appellant Appeal

by placing said documents in a properly addressed and sealed envelope, with postage fully pre-paid, in the United States Mail, deposited in the manner provided by CSP/LAC, and addressed as follows:

SUPREME COURT of California  
San Francisco office  
350 McAllister St.  
SAN Francisco, CA. 94102-7303

U.S. Courthouse  
450 Golden Gate Ave.  
S.F., CA. 94102-3483

I further declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 15 day of Oct. 2015 at California State Prison – Los Angeles County.

Wayne Smith  10-15-15
Wayne Smith  7-19-15
Wayne Smith