1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*E-Filed 1/11/16*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYNE SMITH,

                Plaintiff,

    v.

SAN FRANCISCO POLICE
DEPARTMENT and
DEBORAH MADDEN

           Defendants.

_____/

No. C 15-4405 RS (PR)

**ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND**

**INTRODUCTION**

      Plaintiff, a state prisoner proceeding pro se, filed this federal civil rights action under 42 U.S.C. § 1983 in which he alleges that Deborah Madden, a former San Francisco crime laboratory technician, committed negligence.  Upon review of his complaint under 28 U.S.C. § 1915A(a), the Court concludes that plaintiff fails to state a claim for relief.  The complaint is DISMISSED with leave to file an amended complaint on or before February 22, 2016.

**DISCUSSION**

**A.**    **Standard of Review**

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

United States District Court
For the Northern District of California

1  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

2  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

3  be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.*

4  § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica*

5  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

6       A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

7  to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

8  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

9  plausibility when the plaintiff pleads factual content that allows the court to draw the

10  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

11  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions

12  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

13  the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

14  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:     (1)

15  that a right secured by the Constitution or laws of the United States was violated, and    (2)

16  that the alleged violation was committed by a person acting under the color of state law.  *See*

17  *West v. Atkins*, 487 U.S. 42, 48 (1988).

18  **B.   Legal Claims**

19       Plaintiff alleges that Deborah Madden is liable for negligence, but his allegations fail

20  to state a claim for relief.  First, neither negligence nor gross negligence is actionable under

21  section 1983.  *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *County of*

22  *Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).  Second, his allegations are bare of any

23  factual allegations showing that Madden violated his constitutional rights.  A plaintiff must

24  "set forth specific facts as to each individual defendant's" actions which violated his or her

25  rights.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Even at the pleading stage, "[a]

26  plaintiff must allege facts, not simply conclusions, that show that an individual was

27  personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d

28

1193, 1194 (9th Cir. 1998). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

## CONCLUSION

Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before February 22, 2016. The amended complaint must include the caption and civil case number used in this order (15-4405 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED:  January 11, 2016

RICHARD SEEBORG
United States District Judge

United States District Court
For the Northern District of California